IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVAN MUHIRE and CASSANDRA TRENT, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 16-2178 |
| MODANI HOUSTON LLC and MODANI HOLDINGS LLC, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER
## GRANTING CONDITIONAL CERTIFICATION

In this suit brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), Plaintiffs Ivan Muhire and Cassandra Trent seek to recover unpaid

overtime wages and compensation. Plaintiffs have filed a Motion for Conditional

Certification and for Notice to Putative Class Members [Doc. # 30], and Defendants

Modani Houston LLC and Modani Holdings LLC have filed a Response [Doc. # 44]

in opposition. The motion is now ripe for decision. Having considered the parties'

submissions, all matters of record, and applicable legal authorities, the Court

determines that Plaintiffs' Motion should be **granted**.

# I. BACKGROUND

This case was filed by Plaintiffs Cassandra Trent and Ivan Muhire, both of whom are employed at Defendants' Houston location as a "Design Specialist/Sales Associate."[1]  For ease of reference, the Court will refer to the position as "Sales Associate."  Plaintiffs seek conditional certification of a collective action consisting of:

> ALL SALES ASSOCIATE/DESIGN SPECIALISTS EMPLOYED BY MODANI HOLDINGS LLC AT ALL MODANI FURNITURE STORES WITHIN THE PAST THREE YEARS ("PUTATIVE CLASS MEMBERS")

Motion, at 1.[2]  The putative class members hold or held the Sales Associate position at Defendants' stores at multiple locations nationwide.

Plaintiff Trent has been employed as a Sales Associate at Defendants' Houston location since February 2014.  Complaint, at 7-9.  Trent states that she and other Sales Associates "spend the majority of their time on the sales floor at their furniture stores

---

[1]  Plaintiffs' Third Amended Complaint [Doc. # 29] ("Complaint") and Defendants' corresponding Answer [Doc. # 43] are the live pleadings in this case. The Court deems the Second Amended Complaint [Doc. # 25] and the corresponding Answer [Doc. # 42] to be superseded.

[2]  Plaintiffs argue that Defendants Modani Holdings LLC and Modani Houston LLC are the "joint employers of Plaintiffs and putative class members" under 29 C.F.R. § 791.2(b).  Motion, at 2; *see* Complaint, at 5, ¶ 17.  Although Defendants' Answer [Doc. # 43] denies that Defendants are Plaintiffs' joint employers, their Response to the Motion does not address the issue.  The Court need not and does not reach the issue at this stage of the litigation.

selling furniture, but are required to do offsite design consultations" at customers'

homes and businesses. Affidavit of Cassandra Trent (Exhibit 7 to Motion) ("Trent

Affidavit"), at 1, ¶ 4. She avers that she averaged sixty-five hours per week of "on the

clock" work time in 2014 and part of 2015, and that her "on the clock" hours were

"drastically reduced to about 42 hours per week" in 2015 when Defendants

implemented a time clock system. *Id*. at 2, ¶ 6. She claims that she was never paid

at the overtime rate for overtime hours worked. *Id*. at 1-2, ¶¶ 4-6. In addition to these

"on the clock" hours, Trent worked an additional ten hours per week performing

offsite consultations. She states that she and other Sales Associates were required by

Defendants to perform the offsite consultations, but were never compensated for them.

*Id*. at 2, ¶¶ 7-8. Trent names two of Defendants' managers who told her that Sales

Associates were not paid for offsite work because they were paid commissions if they

made a sale. *Id*. She states that her commissions amounted to "[l]ess than half of

[her] total earnings per week, per year and per month." *Id*. at 2, ¶ 6.

Plaintiff Muhire has been employed as a Sales Associate at Defendants'

Houston location since November 2013. Complaint, at 9-10. He states that he

averaged seventy hours per week until 2015, when Defendants began using a punch

clock system, and about sixty hours per week since then. He states that he is "always

paid straight time, not time and a half, for the overtime hours" worked because,

according to Defendants' employee handbook, Sales Associates are exempt from overtime compensation requirements. Affidavit of Ivan Muhire (Exhibit 8 to Motion) ("Muhire Affidavit"), at 1, ¶ 4. He further states that, as a Sales Associate, he was required to do offsite work during his personal time, and that "Management has told me on more than one occasion that our 'compensation' for the off-site design consultations done during our off-time is the commission we possibly make from the resulting sales." *Id*. at 1-2, ¶ 4.

Plaintiffs claim that Defendants have a single, nationwide corporate policy that classifies Sales Associates as exempt from overtime pay requirements and denies them hourly compensation for offsite work. Plaintiffs have submitted Defendants' employee handbook which states that, with one exception not relevant here, "*all* employees" including Sales Associates, are exempt from certain FLSA provisions, including overtime pay.[3] Defendants' answers to interrogatories confirm that Plaintiffs were not paid overtime "because they were exempt under the outside sales and retail sales exemptions" to the FLSA's overtime requirements. *See* First

---

[3]    *See* Modani Holdings, LLC and Affiliates Employee Handbook (Exhibit 3 to Motion) ("Handbook"), at Section 1, page 12 (bates stamped MODANI 000055) ("EXEMPT EMPLOYEES are not entitled to overtime pay and may also be exempt from minimum wage requirements pursuant to applicable federal and state laws. At Modani, given the nature of our company's industry and activities, *all employees have an Exempt status upon hire*, except for warehouse non-managerial employees") (emphasis added).

Amended Answers to Plaintiffs' First Set of Interrogatories (Exhibit A to Response) ("Interrogatory Answers"), at 5, ¶ 5. *See id*. at 6, ¶ 10; *id*. at 7, ¶ 13. Regarding offsite work, Defendants' interrogatory answers state that Sales Associates are paid a 2% commission on sales. *Id*. at 7, ¶ 11 (further stating that employees "are required to track and report all hours worked, including work done at customers' homes").

Plaintiffs have presented affidavits from three other employees of Defendants who are Sales Associates and wish to join this lawsuit. *See* Affidavit of Gilbert Guerrier (Exhibit 5 to Motion) ("Guerrier Affidavit") (employed at Manhattan location); Affidavit of Antoine Ward (Exhibit 6 to Motion) ("Ward Affidavit") (employed at Manhattan location); Affidavit of Tamora Tioshi Torrence (Exhibit 9 to Motion) ("Torrence Affidavit") (employed at Houston location). Like Plaintiffs, Guerrier, Ward, and Tioshi state that Defendants did not pay them at the overtime rate for hours worked above forty hours per workweek. Guerrier Affidavit, at 1, ¶ 4; Ward Affidavit, at 1-2, ¶ 4; Torrence Affidavit, at 1, ¶ 3. Ward also complains that he was not compensated for offsite work, other than by any commissions earned. Ward Affidavit, at 2, ¶ 5. The affiants state that they know of specific Sales Associates at multiple locations who are subject to the same policies. *See*, *e.g.*, Trent Affidavit, at 1-2, ¶¶ 4-5; *id*. at 3, ¶ 9; Torrence Affidavit, at 1-2, ¶¶ 3-4.

## III.  <u>ANALYSIS</u>

Plaintiffs claim that Defendants misclassified Sales Associates as exempt from the FLSA's overtime requirements, and failed to pay them at overtime rates, in violation of the FLSA's maximum hours provision.  *See* 29 U.S.C. § 207(a)(1) (requiring covered employers to compensate nonexempt employees at one and one-half times their regular rate for hours worked in excess of forty hours per workweek). Plaintiffs further claim that Defendants failed to compensate Sales Associates for offsite, off-the-clock work, in violation of the FLSA's minimum wage requirements. *See* 29 U.S.C. § 206(a)(1) (requiring employers to pay covered employees a minimum wage of $7.25 per hour).  Suits under the FLSA may be filed "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

Defendants counter that Plaintiffs "attempt to portray their claim as one of misclassification," but that in fact the "*sine qua non* of this dispute is whether Plaintiffs worked hours [off site] for which they were not paid."  Response, at 1-2. Plaintiffs plainly have advanced both theories.  Defendants further argue that their policy and practice is "to pay employees for all hours worked, including in home consultations."  *Id.* at 2.

## A.     Conditional Certification

When considering whether to certify a lawsuit under the FLSA as a collective action, courts in this federal district generally use a two-step approach. *See Reyna v. Int'l Bk. of Commerce*, 839 F.3d 373, 375 n.2 (5th Cir. 2016); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (Ellison, J.); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800-02 (S.D. Tex. 2010) (Rosenthal, J.).[4]  At the first stage, the Court decides whether to issue notice to potential class members. *Walker*, 870 F. Supp. 2d at 465.  If the court conditionally certifies a class, the action proceeds as a collective action during discovery.  The second stage occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally certified class.  *Id.* at 466.  "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight*, 756 F. Supp. 2d at 802.  *See  Walker*, 870 F. Supp. 2d at 471; *Cruz v. Conocophillips*, ___ F. Supp. 3d ___, 2016 WL 7106363, at

---

[4]     Plaintiffs' briefing cites to numerous cases from outside the Fifth Circuit, including district court opinions from Florida, Maryland, Illinois, and Pennsylvania.  The Court recognizes the necessity of citing district court cases as class certification authority, given the scarcity of relevant circuit court decisions.  However, the Court encourages the parties to cite recent case law from the Southern District of Texas when such authority is available.

*3 (S.D. Tex. Sept. 23, 2016) (Bennett, J.).

At the first stage, whether to conditionally certify a class to which notice should issue, the plaintiff is required to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465-66; *see McKnight*, 756 F. Supp. 2d at 801. At the notice stage, a plaintiff must demonstrate a "factual basis" for his allegations. *McKnight*, 756 F. Supp. 2d at 801. *See Walker*, 870 F. Supp. 2d at 465 (standard at notice stage is lenient and "typically results in conditional certification"). The Court's decision generally is based on the pleadings, affidavits, and other limited evidence. *Walker*, 870 F. Supp. 2d at 465.

The Court now addresses the three prongs required for conditional certification.

### 1. Reasonable Basis

Plaintiffs have demonstrated a "reasonable basis" for crediting the assertions that other aggrieved individuals exist. In addition to their own affidavits, Plaintiffs have presented affidavits from three other persons who work(ed) as Sales Associates for Defendants and were not paid at the overtime rate. Guerrier Affidavit, at 1-2, ¶ 4 (Defendants had a nationwide policy of "not paying time and a half for overtime hours

worked" by Sales Associates); Ward Affidavit, at 1-2, ¶ 4 (all Sales Associates were paid "straight time" for overtime hours worked); Torrence Affidavit, at 1-2, ¶¶ 3-4 (same).

Trent and Ward each complain that they were not compensated at all for offsite work. Trent Affidavit, at 2, ¶ 7; *id*. at 3, ¶ 9 (Trent avers that no Sales Associates were paid for offsite work, naming two specific employees as examples); Ward Affidavit, at 2, ¶ 5 (averring that he was not paid, and no Sales Associates were paid, for offsite work). This showing is sufficient at the notice stage. *See Walker*, 870 F. Supp. 2d at 467-68; *Cruz,* 2016 WL 7106363, at *3.

## 2. Others are Similarly Situated

For the second prong, Plaintiffs must demonstrate that the other aggrieved individuals are "similarly situated to the plaintiff in relevant respects given the claims and defenses asserted." *Walker*, 870 F. Supp. 2d at 465-66. To be "similarly situated," putative class members can present evidence that they were "affected by a common policy, plan, pattern, or practice." *McKnight*, 756 F. Supp. 2d at 803. Uniformity in the policy is not required. *Id.* at 804. Certification should be denied "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* at 801 (internal quotation marks and citation omitted).

Plaintiffs have submitted evidence of a common, national policy regarding compensation of Defendants' Sales Associates. Defendants' Handbook states that Sales Associates are exempt from certain FLSA's provisions regarding overtime pay. Handbook, at Section 1, page 12. Defendants' answers to interrogatories confirm that Plaintiffs were not paid overtime, claiming that Sales Associates fall under the "outside sales and retail sales exemptions" under the FLSA. *See* Interrogatory Answers, at 5, ¶ 5. *See id*. at 6, ¶ 10; *id*. at 7, ¶ 13. The affidavits submitted by Plaintiffs are consistent with this evidence. Plaintiffs aver that Sales Associates are always paid "straight time," not time-and-a-half, for overtime hours worked. Trent Affidavit, at 1, ¶ 4; Muhire Affidavit, at 1, ¶ 4. Trent states that, when she was hired, her manager explained to her that she would not be paid overtime because Sales Associates received sales commissions. Trent Affidavit, at 1, ¶ 5.[5] Also, Trent explains that her manager stated that no Sales Associates at any of Defendants' locations were compensated for overtime at time-and-a half. *Id*. Plaintiffs also have submitted affidavits from putative class members Guerrier, Ward, and Torrence

---

[5] In some cases, employees who earn a sales commission are exempt from the FLSA's overtime requirements. *See* 29 U.S.C. § 207(i) (exemption for employee who is paid a regular hourly rate that is one and one-half times the minimum wage and for whom "more than half his compensation for a representative period (not less than one month) represents commissions on goods or services"). The application of this statutory exemption is properly addressed at a later stage of this litigation, and not at the conditional certification stage. *McKnight*, 756 F. Supp. 2d at 802.

stating that they were not paid at the overtime rate for overtime hours worked. Guerrier Affidavit, at 1, ¶ 4 (Manhattan location); Ward Affidavit, at 1, ¶ 4 (Manhattan location); Torrence Affidavit, at 1, ¶ 3 (Houston location).

Regarding offsite work, both Trent and Muhire state that they were not compensated—either by straight time or by overtime pay—for their hours worked at customers' homes and businesses. Trent Affidavit, at 1, ¶ 4. Muhire states:

> The offsite design consultations are expected of us. We are encouraged to do the offsite design consultations during our off-time because if we do them during the workday, it takes away from sales. Management has told me on more than one occasion that our "compensation" for the offsite design consultations done during our off-time is the commission that we possibly make from the resulting sales. Not every offsite design consultation results in a sale.

Muhire Affidavit, at 1-2, ¶ 4. *See* Trent Affidavit, at 2, ¶ 7 (stating that her manager told her she "wouldn't be paid for [an offsite design consultation] because it increases my sales and I would get paid from the commissions if I made a sale"). Both Plaintiffs aver that they are aware of several other employees who held their position and were not paid overtime or compensated for offsite work. Muhire Affidavit, at 2, ¶ 5; Trent Affidavit, at 3, ¶ 9. *See* Ward Affidavit, at 2, ¶ 5 (employee at Manhattan location states that he was required to complete offsite work but was not paid for the work). Defendants state that Sales Associates are paid a 2% sales commission and are required to report "all hours worked, including work done at customers' homes,"

Interrogatory Answers, at 7, ¶ 11, but do not state that the Sales Associates receive hourly compensation for their offsite time.  *See* Handbook, at Section 1, page 12 (employees "may . . be exempt from minimum wage requirements").

Defendants challenge Plaintiffs' characterization of their compensation policy, asserting that under their policy "sales representatives are required to report all hours worked, are paid for all hours worked, and . . . . are prohibited from working off-the-clock."  Response, at 3.[6]  This factual dispute regarding whether Defendants' stated policy is applied to Plaintiffs or others in their positions, or is enforced, is properly resolved at a later stage of this litigation.  This dispute does not preclude conditional certification of the class.  *See McKnight*, 756 F. Supp. 2d at 802.

Defendants further urge that class certification should be limited to the Houston location where Plaintiffs Trent and Muhire worked.  *See* Response, at 2.  However, Defendants have not presented any proof to rebut Plaintiffs' evidence that Sales Representatives at other stores nationwide were subject to the very same policies

---

[6]     *See* Interrogatory Answers, at 7, ¶ 11 ("Plaintiffs are responsible for reporting all hours they worked, and notifying the store manager if there is any discrepancy between the schedule and the hours actually worked.  Hours are verified each week by the store manager, who then reports the hours to payroll for processing.  Christian Mugisha, Store Manager, reported time for each Plaintiff.  Sales Representatives are paid $12.00 per hour for all hours worked, and also are paid commissions in the amount of 2% on sales made by the Sales Representative.  Sales Representatives are required to track and report all hours worked, including work done at customers' homes.")

regarding overtime compensation and offsite work.  *See* Guerrier Affidavit, at 1, ¶ 4; Ward Affidavit, at 1, ¶ 4; *id*. at 2, ¶ 5.  Similarly, although Defendants cite authority for the proposition that conditional certification should be denied when claims are dependent on the conduct of an individual manager, rather than a common policy, Defendants point to no facts suggesting that individual managers' decisions were operative in this case.  *See* Response, at 2, 5.

Finally, Defendants argue that conditional certification should be denied because individualized evidence will be necessary to determine damages for each class member.  Response, at 6-7.  In support, Defendants cite to authority discussing the decertification stage of collective litigation, which occurs after notice and discovery.  *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 773 (7th Cir. 2013) (Posner, J.) (affirming the *decertification* of a collective action because individualized damages inquiries were warranted).  This case is in its earliest stages, and liability has not yet been determined.  Defendants' authority regarding damages determinations does not apply directly to the issue of conditional certification currently before the Court.

Plaintiffs' evidence is sufficient at the conditional certification stage to demonstrate that Defendants had a common policy regarding classification and compensation of Sales Associates, and thus that the other aggrieved individuals are

"similarly situated" to Plaintiffs in relevant respects. *See McKnight*, 756 F. Supp. 2d at 803 (to be "similarly situated," putative class members can present evidence that they were "affected by a common policy, plan, pattern, or practice").

### 3. Others Wish to Opt In

The courts differ as to whether Plaintiffs are required to present some factual support for the existence of other aggrieved individuals who want to opt-in to the lawsuit. *See Walker*, 870 F. Supp. 2d at 471-72 (collecting cases). In any event, to the extent such a showing is required, Plaintiffs clearly have presented sufficient evidence. Ward, Torrance, and Guerrier all wish to join the suit, and are aware of additional interested employees. *See* Ward Affidavit, at 1-2, ¶¶ 2, 6 (averring that he has spoken with "several" other New York employees who are interested in joining the lawsuit); Torrence Affidavit, at 1-2, ¶¶ 2, 5 (naming employees in San Francisco, New York, and Houston who have indicated an interest in joining the lawsuit); Guerrier Affidavit, at 1, ¶ 2. Muhire avers, "I have spoken with employees at the Dallas location and know of employees at the New York, San Francisco, and Miami locations who have indicated that they would like to join this lawsuit." Muhire Affidavit, at 2, ¶ 5.

### 4. Conclusion

Because Plaintiffs have satisfied the three requirements, *see Walker*, 870 F.

Supp. 2d at 465-66, *McKnight*, 756 F. Supp. 2d at 801, conditional certification is granted. The Court will authorize notice to the potential class members.

### B. Contents and Methods of Notice

Plaintiffs have submitted a proposed Notice and Consent form for potential class members. *See* Exhibit M to Motion. Plaintiffs request that Defendants disclose the names, addresses, email addresses, and phone numbers of all putative class members, and additionally propose certain methods and deadlines for notification of putative class members. Defendants object to the content of the proposed Notice, the disclosure of the requested information, and Plaintiffs' proposed methods of notification.

Defendants' objections are largely overruled. Defendants must disclose to Plaintiffs' counsel, on or before **March 31, 2017**, for all persons employed by Defendants at any location within three years of July 21, 2016 (the date Plaintiffs filed this action): name, last known personal address, last known personal email address, and dates of employment with Defendants. Defendants have objected to, and the Court denies, Plaintiffs' request for telephone numbers of putative class members. Plaintiffs may file a separate request for the personal telephone numbers of persons for whom physical and email addresses are no longer active or correct.

The parties must confer about the content of the notice. Counsel for both sides

should locate and examine notices previously approved by the undersigned. On or before **April 14, 2017**, the parties must submit jointly (1) a proposed form of notice and (2) a proposed schedule for notice and responses. If the parties are unable to agree on the form of notice or the schedule, Plaintiffs must file their proposed notice and schedule on or before **April 14, 2017**, and Defendants may file their redlined version with requested changes on or before **April 18, 2017**. The Court then will determine the form to be used and the applicable schedule.

Regarding method of distribution, Plaintiffs must serve notice by regular mail and may use email to personal accounts. Any person seeking to join the conditional class must submit to Plaintiffs' counsel a consent form in hard copy signed by the proposed class member. The parties' proposed notice must reflect these instructions regarding distribution method.

## IV. CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Certification and for Notice to Putative Class Members [Doc. # 30] is **GRANTED**. It is further

**ORDERED** that on or before **March 31, 2017**, Defendants must disclose to Plaintiff's counsel the names, last known personal addresses, last known personal email addresses, and dates of employment with Defendants, for all persons employed

by Defendants at any location on or after July 21, 2013. It is further

**ORDERED** that, on or before **April 14, 2017**, the parties must submit jointly (1) a proposed form of notice and (2) a proposed schedule for notice and responses. If the parties are unable to agree on the form of notice or the schedule, Plaintiffs must file their proposed notice and schedule on or before **April 14, 2017**, and Defendants may file their redlined version with requested changes on or before **April 18, 2017**. It is further

**ORDERED** that, after the form of notice has been determined, Plaintiffs must serve the notice on potential class members by regular mail and may use email to personal accounts. Any person seeking to join the conditional class must submit to Plaintiffs' counsel a consent form in hard copy signed by the proposed class member. The parties' proposed notice must reflect these instructions regarding distribution method.

SIGNED at Houston, Texas, this 16th day of **March, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE