IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASSANDRA TRENT and IVAN MUHIRE, on behalf of themselves individually, and ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br> v. <br><br> MODANI FURNITURE STORES, <br><br> Defendant. | § § § § § § § § § § § § | Civil Action No. 4:16-cv-02178 |

**JOINT MOTION FOR CONFIDENTIAL APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiffs Cassandra Trent and Ivan Muhire, on behalf of themselves and all opt-in Plaintiffs, (collectively "Plaintiffs") and Defendant Modani Holdings LLC ("Modani" or "Defendant") (collectively, the "Parties") file this Joint Motion for Confidential Approval of Settlement Agreement ("Motion"), asking that the Court: (1) grant the Parties leave to file their Confidential Settlement Agreement ("Agreement") under seal; (2) approve the Parties' settlement as expressed in the Agreement; and (3) dismiss this Lawsuit with Prejudice, and in support respectfully state as follows:

I.     **FACTUAL BACKGROUND**

On July 21, 2016, Plaintiffs brought suit against Defendant for alleged failure to pay overtime compensation for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 1.) Plaintiffs allege that they were not paid for all hours worked, and that they did not receive time and a half for hours worked in excess of forty in a workweek. *Id.*

On August 19, 2016, Defendant answered, denying the allegations and denying any liability, and contending that Plaintiffs are exempt under the retail sales exemption and/or the outside sales exemption.

Plaintiffs moved for conditional certification, and Defendant responded on January 24, 2017. On March 16, 2017, the Court granted Plaintiffs' Motion for Conditional Certification and for Notice of Putative Class members. Notice was issued and nine Plaintiffs opted in.

The Parties mediated the case and, while unsuccessful, continued settlement discussions while conducting discovery. Despite the Parties' ongoing dispute regarding the validity of Plaintiffs' claims for overtime compensation, the Parties nevertheless have entered into a Confidential Settlement Agreement ("Agreement") to bring the Lawsuit to an expeditious conclusion. The Agreement contains a confidentiality provision that is an essential and material term of the Agreement. Accordingly, the Parties agree that the Agreement should be kept confidential and respectfully request that the Court accept the filing of the Agreement, Exhibit A hereto, under seal. A proposed order permitting filing of the Agreement under seal is attached.

## II.     THE NEED FOR COURT APPROVAL

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid wages brought pursuant to the FLSA, and there is conflicting authority regarding whether such claims may be settled in the absence of Court approval. As the Seventh Circuit has stated, the FLSA is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton,* 786 F.2d at 306. The Seventh Circuit maintains that because the FLSA "makes it impossible to agree on the amount of

pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982).

Some courts have stated that FLSA claims may only be released or settled in two ways: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c) or (2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit).

Recently, however, the Fifth Circuit in *Martin v. Spring Break '83 Production*, 688 F.3d 247 (5th Cir. 2012) enforced a private compromise of an FLSA claim negotiated between an employer and employees even in the absence of court approval, where there existed "a bona fide dispute as to liability" as to the amount of hours worked and the compensation due. *Id.* at 255. Given the conflicting authority on this issue and in an abundance of caution, the Parties respectfully request Court approval of the Agreement. Although the Parties have decidedly different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

As stated above, the Parties also jointly request that the Court review the Agreement for approval confidentially under seal. This settlement does not impact the claims or interests of any individuals who are not parties to the present action. In light of the foregoing, the Parties request that the Court approve this settlement confidentially.

### III.     THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

In this instance, the Agreement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiffs were misclassified as exempt from overtime.  Due to the conflicting factual allegations and the degree to which this case will turn on the interpretation of the Fair Labor Standards Act, the Parties have agreed that a settlement for the amount reflected in the Agreement is in the best interest of the Parties.  In exchange for the Settlement Amount, Plaintiffs agree to release Defendant from the claims asserted in the lawsuit as well as any and all claims they may have against Defendant arising out of or relating to their employment on or before the date of the Agreement.

### IV.     PRAYER

Wherefore, the Parties respectfully request that the Court accept the filing of the Agreement under seal; approve the Agreement as a fair and reasonable compromise, and dismiss the Lawsuit with Prejudice.

Agreed and respectfully submitted:

Respectfully submitted:

| | |
|---|---|
| */s/ Taft L. Foley II* | */s/ William R. Stukenberg* |
| Taft L. Foley II | William R. Stukenberg |
| Federal ID No. 2365112 | State Bar of Tex. No. 24051397 |
| State Bar No. 24039890 | Federal ID No. 55792 |
| 3003 South Loop West, Suite 108 | Jackson Lewis P.C. |
| Houston, Texas 77054 | 1415 Louisiana, Suite 3325 |
| Telephone: 832-778-8182 | Houston, Texas  77002-7332 |
| Facsimile: 832-778-8353 | Telephone:  (713) 650-0404 |
| Email: Taft.Foley@thefoleylawfirm.com | Facsimile:  (713) 650-0405 |
| | Email: william.stukenberg@jacksonlewis.com |

| | |
|---|---|
| Erica R. Hughes | Pamela B. Linberg |
| State Bar No. 24049820 | Texas State Bar No. 00793299 |
| S.D. Tex. Bar No. 2905057 | S.D. Tex. Bar No. 23981 |
| THE HUGHES FIRM, PLLC | Jackson Lewis P.C. |
| 3007 Caroline Street | Wedge International Tower |
| Houston, Texas 77002 | 1415 Louisiana, Suite 3325 |
| Telephone: 281.993.4100 | Houston, Texas 77002 |
| Facsimile: 281.254.7792 | Telephone: (713) 650-0404 |
| Email: e.hughes@hugheslawfirmpllc.com | Facsimile: (713) 650-0405 |
| | Email: linbergp@jacksonlewis.com |
| **Attorneys For Plaintiffs** | |
| | **Attorneys For Defendant** |

## CERTIFICATE OF SERVICE

I certify that this *Joint Motion for Confidential Approval of Settlement Agreement and Dismissal With Prejudice* was electronically filed with the U.S. District Court, Southern District of Texas, Houston Division, on March 30, 2018, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

    */s/ William R. Stukenberg*
William R. Stukenberg